# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANLOUISE HALLAL,<br><br>        Plaintiff,<br><br>    v.<br><br>HEATHER MARDEL, et al.,<br><br>        Defendants. | Case No.  1:16-cv-01432-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 1, 9)<br><br>ORDER DISREGARDING EXHIBITS<br><br>(ECF No. 10)<br><br>THIRTY DAY DEADLINE |

On September 26, 2016, Plaintiff Jeanlouise Hallal filed a complaint in this action. On October 28, 2016, Plaintiff filed an application to proceed in forma pauperis and exhibits.

## I.

## SCREENING

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard

1

used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against judges, law enforcement officers, district attorneys, and other individuals stating this action is being removed from state court and the basis of federal jurisdiction are 18 U.S.C. § 3499; 18 U.S.C § 3331; 18 U.S.C § 1962; 18 U.S.C § 2381; 28 U.S.C § 2403(B); 18 U.S.C § 241, 242; 5 U.S.C § 551; 17 C.F.R. § 230.14; F.R.C.P. 5.1; "DISRIGHT 'under 4-502, 502/503/505 PIRACY; and the Geneva Convention. (ECF No. 1 at 4-5.[1])

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

To the extent that the Court is able to understand the allegations in the complaint, Plaintiff contends that all defendants are guilty of municipal bond fraud on January 6, 2016. (ECF No. 1 at 6.) Plaintiff entered her home at 3272 East Olive in Fresno, California, which was prepaid by the government homeless housing grant fund. (Id.) It appears at the time that Plaintiff had been evicted from the residence and the locks had been changed. (Id. at 4, 6.) A group of five adults removed Plaintiff from the home. (Id. at 6.) The police and EEOC Director had to wait for the supervising officer who arrested someone and took Plaintiff to jail. (Id.)

On January 8, 2016, two female officers opened the cell and grabbed Plaintiff's left arm and slammed her head into the mental bed frame causing injury because Judge Heather Mardel Jones put a warrant in the database and refused to release Plaintiff or remove the warrant from the database. (Id. at 6.)

Plaintiff's complaint fails to set forth any facts to state a cognizable federal claim. The Court shall grant Plaintiff an opportunity to file an amended complaint to correct the deficiencies identified in this order.

## III.

## DISCUSSION

Initially, Plaintiff is advised that pursuant to the Local Rules of the Eastern District of California a complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Further, the Court is not a repository of the parties evidence. Accordingly, the exhibits filed October 28, 2016 are disregarded.

### A. Removal of Criminal Proceedings

Plaintiff's complaint states that she is removing this action from state court and references two criminal case numbers. Therefore, it would appear that there are currently criminal cases pending against Plaintiff in state court. Plaintiff does not state the grounds for removal in her complaint.

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). There is a presumption against

1  federal jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and
2  the party seeking removal has the burden of establishing that removal is proper. Gaus v. Miles,
3  Inc., 980 F.2d 564, 566 (9th Cir. 1992).

4  There are only narrow and limited grounds upon which a state prosecution can be
5  removed to federal court. Under 28 U.S.C. §§ 1442(a) and 1442a, any officer of the United
6  States or its courts, any officer of either House of Congress, or any member of the U.S. armed
7  forces that is subject to criminal prosecution may remove such an action that arises from acts
8  done under color of such office or status. See 28 U.S.C. §§ 1442(a), 1442a. Plaintiff's
9  complaint does not allege that she is a federal official being prosecuted for actions taken under
10 color of such authority. It appears from the complaint that the charges against Plaintiff are
11 related to her attempt to reenter property from which she was evicted.

12 Additionally, a defendant who is being prosecuted in state court may remove an action to
13 federal court if she seeks to assert a defense based upon federal laws protecting equal civil rights
14 but is unable to because of state law. 28 U.S.C. § 1443. A petition for removal under section
15 1443 must satisfy a two-part test: 1) in defense to the prosecution the petitioner must assert
16 "rights that are given to them by explicit statutory enactment protecting equal racial civil
17 rights[;]" and 2) the petitioner "must assert that the state courts will not enforce that right, and
18 that allegation must be supported by reference to a state statute or a constitutional provision that
19 purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446
20 F.3d 996, 999-1000 (9th Cir. 2006). Plaintiff has not asserted that in defense of the criminal
21 action she is asserting her equal civil rights. Further, assuming that such could be implied from
22 her complaint, Plaintiff does not point to any state statute or constitutional provision that
23 commands the state court to ignore her federal rights.

24 Additionally, in order to remove a state court prosecution, the defendant in the criminal
25 action must comply with the procedure set forth in 28 U.S.C. § 1455 which requires "a notice of
26 removal signed pursuant to Rule 11 of the Federal Rules and containing a short and plain
27 statement of the grounds for removal, together with a copy of all process, pleadings, and orders
28 served upon such defendant or defendants in such action." Plaintiff has not included a statement

of the grounds for removal or copies of all process, pleadings and orders served upon her in the criminal action. Therefore, Plaintiff has not complied with the requirements of section 1455.

Plaintiff has not demonstrated any federal ground to provide for removal of her criminal prosecution in this instance nor has she complied with section 1455 to properly remove this action. Accordingly, the Court construes Plaintiff's pleading as a civil complaint.

**B.  Title 18**

Plaintiff seeks to invoke federal jurisdiction by alleging violations of various sections of Title 18 of the United States Code. Title 18 of the United States Code codifies statutory crimes and criminal procedure. The fact that a federal statute has been violated does not automatically give rise to a private right of action. Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979). In determining whether a private right of action exists, the court is to determine whether Congress intended to create a private right of action. Id. Therefore, unless a specific statute provides for a private right of action, courts have found that violations of Title 18 are properly brought by the United States government through criminal proceedings and not by individuals in a civil action. Abou–Hussein v. Gates, 657 F.Supp.2d 77, 79 (D.D.C.2009); Prunte v. Universal Music Grp., 484 F. Supp. 2d 32, 42 (D.D.C. 2007); Smith v. Gerber, 64 F.Supp.2d 784, 787 (N.D. Ill. 1999).

1.  No Private Right of Action

Plaintiff seeks to bring this action pursuant to Title 18 U.S.C. §§ 241, 242, 2381, and 3499. Review of these statutes demonstrates that they do not provide for a private right of action.

Conspiring to deprive an individual of their constitutional rights is addressed in 18 U.S.C § 241. A violation of section 241 is punished by fine or imprisonment of not more than 10 years. 18 U.S.C. § 241. Depriving a person of their rights under the color of law is codified in 18 U.S.C. § 242 which makes it unlawful to deprive any person of his constitutional rights because of the person's alienage, color or race. Violation of section 242 is punished by fine or imprisonment of not more than one year, or more if specified circumstances exist. 18 U.S.C. § 242. Contempt of court by a witness is addressed by 18 U.S.C. § 3499 which codifies

1  "[d]isobedience of a subpoena without excuse as contempt."

2  Treason is defined by 18 U.S.C § 2381, which provides "[w]hoever, owing allegiance to
3  the United States, levies war against them or adheres to their enemies, giving them aid and
4  comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall
5  be imprisoned not less than five years and fined under this title but not less than $10,000; and
6  shall be incapable of holding any office under the United States."

7  Plaintiff cannot bring suit against defendant for violation of these sections of Title 18 as
8  they do not provide for a private right of action. See Salem v. Arakawa, No. CV 15-00384 LEK-
9  KSC, 2016 WL 1043050, at *6 (D. Haw. Mar. 15, 2016) ("It is well-established that 'Plaintiffs,
10 as private citizens, lack standing to bring claims under criminal statutes').

11  2.  RICO

12  Plaintiff also alleges violations of 18 U.S.C § 1962. The Racketeer Influenced and
13  Corrupt Organizations ("RICO") Act, which was passed in 1970 as Title XI of the Organized
14  Crime Control Act, provides for both criminal and civil liability for certain prohibited activities.
15  Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007).

16  To state a civil claim under RICO, "a plaintiff must show '(1) conduct (2) of an
17  enterprise (3) through a pattern (4) of racketeering activity,' " Rezner v. Bayerische Hypo-Und
18  Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (quoting Sedima, S.P.R.L. v. Imrex Co.,
19  Inc., 473 U.S. 479, 496 (1985)), with the conspiracy claim being necessarily dependent upon the
20  existence of the substantive RICO violation, Sanford v. Memberworks, Inc., 625 F.3d 550, 559
21  (9th Cir. 2010). Plaintiff must show that the racketeering activity was both a but-for and
22  proximate cause of his injury to have standing to bring a claim. Hemi Group, LLC v. City of
23  New York, N.Y., 559 U.S. 1, 9 (2010). To meet the proximate cause requirement there must be
24  "some direct relation between the injury asserted and the injurious conduct alleged." Rezner,
25  630 F.3d at 873 (quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992)). This
26  requires the court to examine the alleged violation to determine if it led directly to plaintiff's
27  injuries. Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 982 (9th Cir. 2008).

28  The focus of RICO is racketeering activity which is defined "as a number of specific

criminal acts under federal and state laws." 18 U.S.C. § 1961(1); Canyon County, 519 F.3d at 972. Two predicate acts within a period of ten years are required to show a pattern of racketeering activity. 18 U.S.C. § 1961(5); Canyon County, 519 F.3d at 972. Plaintiff does not allege which prohibited activities she is contending were violated by the acts alleged in the complaint. Nor does the complaint allege a pattern of racketeering activity by any defendant. Plaintiff's complaint fails to state a plausible claim for a violation of RICO.

### C.   Miscellaneous Statutes

Plaintiff references 28 U.S.C § 1403(B) which addresses proceedings to condemn property for the use of the United States. Plaintiff's complaint contains no allegations that property is seeking to be condemned for use by the United States, its agencies or departments. Plaintiff also cites to 5 U.S.C. 3331 which sets forth the oath of office for an elected or appointed official. Plaintiff sets forth multiple other citations to statutes or rules that are equally irrelevant to the claims he sets forth in her complaint.

Plaintiff's complaint contains vague and conclusory allegations of wrongdoing that fail to state a cognizable claim against any defendant named in this action.

### D.   Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Plaintiff shall be granted leave to file an amended complaint to correct the deficiencies identified in this order. Plaintiff is advised that if she opts to amend, her amended complaint should be brief. Fed. R. Civ. P. 8(a). Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

1  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556
2  U.S. at 678 (citing Twombly, 550 U.S. at 556).

3  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R.
4  Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P.
5  8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations
6  in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as
7  true.

8  The Court advises Plaintiff of the following requirements under the Federal Rules of
9  Civil Procedure regarding the general formatting of his complaint.  "Each allegation must be
10 simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Additionally, to state a claim Plaintiff must
11 set forth the relief requested.  Fed. R. Civ. P. 8(a)(3).  A party must state its claims or defenses in
12 numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed.
13 R. Civ. P. 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be
14 stated in a separate count."  Fed. R. Civ. P. 10(b).

15 Currently, the basis of federal jurisdiction is unclear, as well as what specific claims
16 Plaintiff is attempting to allege in this action.  In her amended complaint, Plaintiff is required to
17 set forth the specific claim including the basis for federal jurisdiction and the specific acts of the
18 named defendants that demonstrate a violation of her federal rights.  **Plaintiff's complaint may**
19 **not contain any citation to case law or legal argument.**  The only statutory references shall be
20 for the specific claims alleged and must include sufficient factual allegations to demonstrate a
21 violation of the statute.  If Plaintiff fails to do, so this action will be dismissed without leave to
22 amend.

23 Plaintiff's complaint must also comply with Rule 18 and 20 of the Federal Rules of Civil
24 Procedure.  Plaintiff may not bring unrelated claims against unrelated parties in a single action.
25 Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.
26 Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple
27 defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of
28 transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ.

P. 20(a)(2); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997); <u>Desert Empire Bank v. Insurance Co. of North America</u>, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Finally, Plaintiff is required to submit filings that are "clearly legible." Local Rule 130(b). In submitting an amended complaint in compliance with this order, Plaintiff is advised that the complaint must be double spaced and use letters no smaller than used in the instant order, Times New Roman 12, and any amended pleading may not exceed twenty-five pages in length.

## IV.

## APPLICATION TO PROCEED INFORMA PAUPERIS

The Court has reviewed Plaintiff's application to proceed in forma pauperis in this action and finds that it demonstrates entitlement to proceed without prepayment of fees. Accordingly, Plaintiff's application to proceed without prepayment of fees shall be granted. Notwithstanding this order, the Court does not direct that service be undertaken until the Court screens any amended complaint filed in this action and issues its screening order.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;
2. Plaintiff's complaint, filed September 26, 2016, is DISMISSED with leave to amend;
3. Plaintiff shall file an amended complaint within thirty (30) days from the date of service of this order; and

//
//
//
//

4. If Plaintiff does not file an amended complaint in compliance with this order this action shall be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **November 1, 2016**

UNITED STATES MAGISTRATE JUDGE