1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  JEANLOUISE HALLAL,                          Case No.  1:16-cv-01432-DAD-SAB

12          Plaintiff,                          FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSING ACTION
13      v.                                      FOR FAILURE TO STATE A CLAIM AND
                                                FAILURE TO COMPLY WITH A COURT
14  HEATHER MARDEL, et al.,                     ORDER

15          Defendants.                         OBJECTIONS DUE WITHIN FOURTEEN
                                                DAYS
16

17                                     **I.**

18                              **BACKGROUND**

19       Plaintiff Jeanlouise Hallal, proceeding pro se and in forma pauperis, filed a complaint in

20  this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2016.  The complaint was

21  screened and on November 2, 2016, an order issued dismissing the complaint for failure to state

22  a claim.  Plaintiff was provided with the relevant legal standards and was ordered to file an

23  amended complaint within thirty days.  More than thirty days have passed and Plaintiff has failed

24  to file an amended complaint or otherwise respond to the Court's November 2, 2016 order.

25                                     **II.**

26                              **LEGAL STANDARD**

27       Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an

28  action if the plaintiff fails to prosecute the action or fails to comply with a court order.  Fed. R.

Civ. P. 41(b).  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

### III.

### DISCUSSION

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file an amended complaint that complied with the Federal Rules of Civil Procedure within thirty days

2

of November 2, 2016.  Plaintiff has been provided with the legal standards that would apply to her claims and the opportunity to file an amended complaint.  Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  In re Eisen, 31 F.3d at 1453.  Since Plaintiff has not diligently pursued this action, the risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's November 2, 2016 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff does not file an amended complaint in compliance with this order this action shall be dismissed for failure to comply with a court order."  (ECF No. 11 at 10.)  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order and her failure to state a claim.

## IV.

## CONCLUSION AND RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for Plaintiff's failure to state a claim and failure to comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

(14) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 7, 2016**

UNITED STATES MAGISTRATE JUDGE

4