# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANLOUISE HALLAL,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER MARDEL, et al.,<br><br>Defendants. | Case No. 1:16-cv-01432-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>(ECF Nos. 13, 14) |

**I.**

**BACKGROUND**

Plaintiff Jeanlouise Hallal, proceeding pro se and in forma pauperis, filed a complaint in this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2016. The complaint was screened, and on November 2, 2016, an order issued dismissing the complaint for failure to state a claim. Plaintiff was provided with the relevant legal standards and was ordered to file an amended complaint within thirty days. On December 6, 2016, Plaintiff filed a first amended complaint and a document appealing the thirty day deadline.

**II.**

**SCREENING REQUIREMENT**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In

determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff has filed a document entitled "Order Granted Plaintiff to Proceed in Forma Pauperis Amended Complaint Order Granted to Amend Compliant to Restate the Claim for Clarity Federal Trade Commission Rule Mandates Fulfillment Within Thirty (30) Days" which the Court construes as the amended complaint in this action.  (ECF No. 13 at pp. 1-9.)

Plaintiff's amended complaint is far from a model of clarity and the Court has attempted to extract the factual allegations from the complaint and the exhibits attached to the complaint. On July 22, 2103, Plaintiff was arrested and released on a probation violation. (ECF No. 13-1 at 25.)  On January 8, 2015, Plaintiff was cited by California Highway Patrol ("CHP") Officer Arcelus and taken into custody for having an illegal camp in violation of California Penal Code section 647(c) and being a pedestrian on the freeway right of way in violation of California Vehicle Code section 21960(a). (ECF No. 13-1 at 37, 39.)  The citation ordered Plaintiff to

appear on April 8, 2015. (Id.) On February 20, 2015, a criminal case was filed against Plaintiff based on the January 8, 2015 citation. (Id. at 43-45.) Plaintiff did not appear on the date of arraignment and a warrant issued for her arrest. (Id. at 45.)

Plaintiff was arrested and taken into custody on January 7, 2016. (Id. at 46.) On January 8, 2016, Plaintiff was arraigned and remanded into custody. (Id. at 46-48.) On January 20, 2016, the criminal proceedings were suspended for Plaintiff to be examined by Dr. Howard B. Terrell. (Id. at 47-48.) Plaintiff remained in custody while her competency was evaluated. (Id. at 50.)

Plaintiff alleges that on January 16, 2016, she was under doctor's orders for bed rest and was in a prepaid unit. (ECF No. 13 at 1.) A 911 call was made due to a burglar that had broken into 3272 East Olive Avenue, Unit 101. (Id.)

Plaintiff appeared before Commissioner Heather Mardel Jones and Jon Nick Kapetan who refused to correct her name and dismiss the charges based upon no probable cause. (Id. at 2.) The prosecution has failed to prove that Plaintiff is a corporation. (Id.) District Attorney Vanessa Wong and Heather Michelle Spurling should have deduced that Plaintiff is a member of the people and dismissed the charges immediately. (Id.) On February 29, 2016, at 9:00 a.m., "she" admitted that her client was the Fresno County Sheriff's Department proving that they were working with Commissioner Jones to commit fraud by forging false tickets in the database to make it appear that a crime had been committed. (Id.)

Plaintiff was arrested, without any charges and incarcerated at the Fresno County Jail after CHP Officer Arcelus cut, pasted, and copied her signature onto a ticket dated April 8, 2015. (Id.) Lisa Gamoian, Vanessa Wong, Kimberly Gaab, Sheri Edmonds, and the Fresno County Sheriff's Office refused to do their jobs correctly and Plaintiff was in jail for six months. (Id. at 3.)

Sheriff's officers retaliated against Plaintiff as a prison of war. (Id.) Plaintiff had major medical conditions upon her incarceration on January 8, 2016. (Id.) Two female officers were out to get retaliation for Linda Penner. (Id.) The officers were impersonating officers, one was her daughter, Officer Butler and the other Officer Burnett works for Brian Angus, the Director or

the Fresno Economic Opportunities Commission and his employees of the Project Phoenix Program. (Id.) Officer Burnett and Officer Butler slammed Plaintiff's head into a metal bed frame, grabbing her injured arm behind her back while she had a neck brace on. (Id.) Plaintiff lost a front tooth due to the incident. (Id.)

Commissioner Jones refused to change and correct a minute order and was protecting the imposter who had stolen Plaintiff's name. (Id.) On February 29, 2016, Commissioner Jones and her accomplices, Jon Nick Kapetan, and Lisa Gamoian, denied five restraining orders. Id.)

Plaintiff brings this action against Commissioner Heather Mardel Jones, Judge Jon Nick Kapetan, District Attorney Lisa Gamoian, and District Attorney Vanessa Wong alleging numerous violations of statutes and crimes.

## IV.

## DISCUSSION

### A.  Judicial and Prosecutorial Immunity

Initially, the Court finds that the named defendants are entitled to immunity in this action based upon the acts alleged in the first amended complaint.

1. Judicial Immunity

Plaintiff alleges that Commissioner Jones and Judge Kapetan violated her due process rights by refusing to correct her name and dismiss the charges against her. Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 932.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075

(9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999)).

Here, the actions alleged in the complaint would entitle the judges to judicial immunity. Plaintiff contends that the judges refused to change her name on the case and dismiss the charges and refused to issue a restraining order. Plaintiff states that the judicial officials failed to perform their jobs correctly. Based on the exhibits attached to the complaint there was an active felony warrant that existed for Plaintiff and there were a felony and two misdemeanor actions filed naming her as a defendant. (ECF No. 13-1 at pp. 21, 24, 25, 35, 43-53.) Plaintiff's allegations in the complaint against the Fresno Superior Court judges are for actions taken by the judges in their judicial capacity for a cases or cases that were before the judge. Therefore, the named individuals are entitled to judicial immunity. Plaintiff fails to state a cognizable complaint against any judicial officer named in the first amended complaint.

    2.    <u>Prosecutorial Immunity</u>

Similarly, prosecutors are immune from liability under 42 U.S.C. § 1983. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen, 363 F.3d at 922 ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman, 793 F.2d at 1075 (holding that judges and prosecutors are immune from liability for damages

under section 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

While Plaintiff claims that the district attorney refused to dismiss the charges against her or refused to have a restraining order granted, such decisions by the district attorney fall within those actions that are entitled to absolute immunity. Plaintiff fails to state a cognizable claim against District Attorneys Gamoian or Wong.

### B.   Conspiracy

Plaintiff alleges that Commissioner Jones conspired with other individuals to commit fraud against her. "A plaintiff alleging fraud must overcome a heightened pleading standard under Rule 9(b)." ESG Capital Partners, LP v. Stratos, 828 F.3d 1023, 1031 (9th Cir. 2016). To state a claim for fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Conclusory allegations of fraud are not enough and the allegations must be specific enough to provide the defendants with notice of the particular conduct which is alleged to constitute the fraud charged. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). This requires the pleadings to set forth the time, place, and nature of the specific acts of fraud. S. Union Co. v. Sw. Gas Corp., 165 F. Supp. 2d 1010, 1018 (D. Ariz. 2001).

Here, while Plaintiff makes general references to the Uniform Commercial Code, Sherman Anti-Trust Act, Security Act of 1933, Federal Trade Commission, and allegations of a racketeering scheme and municipal bond fraud, the first amended complaint is devoid of any factual allegations to support such violations.

Plaintiff generally alleges that the defendants conspired to falsify a citation against her to have her arrested. However, Plaintiff has not pled factual allegations to meet the requirements of Rule 9(b). The conclusory allegations contained in the first amended complaint fail to state a cognizable claim that any conspiracy or scheme existed.

### C.   Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.  Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In the order dismissing the complaint with leave to amend, Plaintiff was advised that her amended complaint must comply with the Federal Rules of Civil Procedure regarding the formatting of the complaint.  (ECF No. 11 at 8.)  Plaintiff was advised that her amended complaint could not contain any citation to case law or legal argument.  (Id.)  Further, Plaintiff was advised that the amended complaint could not exceed twenty five pages in length.  (Id. at 9.)  Finally, Plaintiff was ordered to file her amended complaint within thirty days from the date of service of the order and was informed that if she failed to comply with the order the action would be dismissed for failure to comply with a court order.

Plaintiff did not file her amended complaint in compliance with the November 2, 2016 order. First, Plaintiff included legal argument and citations in the document which was specifically prohibited by the order.  Additionally, Plaintiff filed two other documents including legal argument. Finally, Plaintiff was ordered to file her amended complaint within thirty days of November 2, 2016. (ECF No. 11 at 9.)  When service is made by mail, three days are added after the period would otherwise expire.  Fed. R. Civ. P. 6(d).  Therefore, Plaintiff's amended complaint was required to be filed by December 5, 2016.  Plaintiff filed the complaint on December 6, 2016.  (ECF No. 13.) Plaintiff included in her filing multiple documents stating that the thirty day deadline did not apply because fraud and terrorism is revealed.  (Order Disregarding Notice Amended by Plaintiff, ECF No. 13 at 9; ECF 13-1 at 1; ECF No. 14 at 1.)

Based upon review of the complaint and the documents attached to the complaint, the Court

finds that it would be futile to provide Plaintiff with the opportunity to file a second amended complaint as it is clear that she is either unable or unwilling to comply with this Court's orders. Plaintiff was provided with an opportunity to file an amended complaint with direction from the Court on the legal standards that applied to her claims. Plaintiff filed an amended complaint that failed to cure the identified deficiencies and did not comply with the requirements set forth in the November 2, 2016 order. Therefore, the Court recommends that the first amended complaint be dismissed without further leave to amend.

## V.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint, filed December 6, 2016, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 16, 2016**

UNITED STATES MAGISTRATE JUDGE